**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| MARK ANDERSON,<br><br>        Plaintiff,<br><br>vs.<br><br>WESLEY S. WHITE, *et al.*,<br><br>        Defendants. | Case No. 2:13–cv–2097–JCM–VCF<br><br>**ORDER**<br><br>MOTION TO STAY (#41)<br>MOTION FOR A PROTECTIVE ORDER (#43) |

      This matter involves Mark Anderson's legal-malpractice action against Wesley S. White. (Compl. #1 at ¶ 16[1]). Before the court is Anderson's Motion to Stay (#41) and Motion for a Protective Order (#43). White filed oppositions (#45, #56). For the reasons stated below, Anderson's motions are denied.

**I. BACKGROUND**

      Mark Anderson sued his wife, Sophia Sanchez, for divorce on March 30, 3012. Anderson's attorney, Wesley White, subsequently advised Anderson to settle. Anderson executed a memorandum of understanding, settled the case, and immediately regretted his decision. Anderson terminated his relationship with White, retained new counsel, an unsuccessfully attempted to set aside the divorce decree. An appeal is currently pending before the Nevada Court of Appeals.

      Meanwhile, Anderson commenced this action against White for legal malpractice. On June 9, 2015, White filed a Motion to Dismiss, or in the alternative Motion for Summary Judgment, arguing that Anderson's malpractice action is not ripe because the underlying divorce action is still pending. *See* (Def.'s Mot. to Dismiss (#40) at 5) (citing *Semenza v. Nev. Med. Liab. Ins. Co.*, 104 Nev. 666, 667–68,

---

[1] Parenthetical citations refer to the court's docket.

1

765 P.2d 184, 185 (1988) ("When the litigation in which the malpractice occurred continues to progress, the material facts that pertain to the damages still evolve as the acts of the offending attorney may increase, decrease, or eliminate the damages that the malpractice caused.").

On June 10, 2015, Anderson filed the instant Motion to Stay and Motion for a Protective Order; both ask the court to stay his deposition until the underlying divorce proceeding is resolved. Anderson argues that discovery should be stayed because White's dispositive motion does not require discovery to be adjudicated. This order follows.

## II. LEGAL STANDARD

When evaluating a motion to stay discovery while a dispositive motion is pending, the court initially considers the goal of Federal Rule of Civil Procedure 1. The guiding premise of the Rules is that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1. Discovery is expensive. And the Supreme Court has long mandated that trial courts should resolve civil matters fairly but without undue cost. *Brown Shoe Co. v. United States*, 370 U.S. 294, 306 (1962). This directive is echoed by Rule 26, which instructs the court to balance the expense of discovery against its likely benefit. *See* FED. R. CIV. P. 26(B)(2)(iii).

Consistent with the Supreme Court's mandate that trial courts should balance fairness and cost, the Rules do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *See, e.g.*, *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995). Under Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Obtaining a protective order is a challenging task. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475 (9th Cir. 1992) (citing *Cipollone v. Liggett Group, Inc*., 785 F.2d 1108, 1121 (3rd

Cir. 1986)). "To justify a protective order, one of Rule 26(c)(1)'s enumerated harms must be illustrated 'with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012) (citation omitted).

In the context of a motion to stay discovery pending a dispositive motion, Rule 26(c) requires the movant to (1) show that the dispositive motion raises no factual issues, *see Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984), and (2) "convince" the court that the dispositive motion will be granted. *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) cert. denied, 455 U.S. 942 (1982) (citing *B. R. S. Land Investors v. United States*, 596 F.2d 353, 356 (9th Cir. 1979) ("A district court may properly exercise its discretion to deny discovery where, as here, it is convinced that the plaintiff will be unable to state a claim upon which relief can be granted."); *see also Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013) (permitting a stay of discovery where a pending dispositive motion (1) is "potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought" and (2) can be decided without additional discovery).

When applying this test, the court must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *TradeBay, LLC v. Ebay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). The purpose of the "preliminary peek" is not to prejudge the outcome of the motion to dismiss. *Id*. "Rather, the court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1." *Id*. Typical situations in which staying discovery pending a ruling on a dispositive motion are appropriate would be where the dispositive motion raises issues of jurisdiction, venue, or immunity. *See Wyatt v. Kaplan*, 686 F.2d 276 (5th Cir. 1982).

/// /// ///

/// /// ///

/// /// ///

## III. DISCUSSION

Anderson failed to satisfy this standard for two reasons. First, he did not convincingly show that his own complaint should be dismissed. This is what the governing law requires under these circumstances. *See TradeBay*, 278 F.R.D. at 603. Second, Anderson asserts that a discovery stay should be entered because White moved to dismiss. This argument fails as a matter of law. The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *Id.*; *Skellerup*, 163 F.R.D. at 600–01.

If Anderson does not wish to proceed with this litigation, he may pursue a stipulated to a dismissal without prejudice. However, Anderson may not have it both ways: maintain that this action should not be dismissed and, at the same time, request a discovery stay because a dispositive motion is pending. A stay of discovery pending a dispositive motion is only appropriate where the court is convinced that the dispositive motion will be granted. *See TradeBay*, 278 F.R.D. at 603. Here, Anderson seeks a stay of discovery while asserting that the dispositive motion will be denied. *See* (Doc. #40) (opposing White's Motion for Summary Judgment). There is no reason to stay discovery under these circumstances.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Anderson's Motion to Stay (#41) is DENIED.

IT IS FURTHER ORDERED that Anderson's Motion for a Protective Order (#43) is DENIED.

IT IS SO ORDERED.

DATED this 8th day of July, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE