# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

MARK ANDERSON,

        Plaintiff,

vs.

WESLEY S. WHITE, THE LAW OFFICES OF WESLEY S. WHITE, a Sole Proprietorship; DOES AND ROES I-X, Inclusive, jointly and severally,

        Defendants.

2:13-cv-02097-JCM-VCF

**ORDER GRANTING MOTION FOR SANCTIONS (#53)**

Before the court is Defendants' Motion and Memorandum of Points and Authorities in Support of Motion for Sanctions Against the Plaintiff, Mark Anderson and His Counsel (#53). Plaintiff filed a Response to the Motion for Sanctions (#66) and Defendants filed a Reply in Support of their Motion for Sanctions (#67).

Defendants seek sanctions against Plaintiff and his counsel pursuant to Federal Rule of Civil Procedure 37(d)(1)(A)(1). (#53). Defendants seek reasonable expenses in the form of attorneys' fees, travel expenses and court reporter fees, caused by plaintiff's failure to appear at his properly noticed deposition. *Id.* Plaintiff does not dispute that (1) his deposition was properly noticed and (2) he failed to appear at the noticed time and place. (#66). For the following reasons, Defendants' Motion for Sanctions is granted.

## LEGAL STANDARD

Fed. R. Civ. P. 37(d)(3) mandates the award of the requested sanctions, "unless the failure was substantially justified or other circumstances make an award of expenses unjust."

In the absence of the timely entry of a protective order pursuant to Fed. R. Civ. P. 26(c), a party must appear at a properly noticed deposition or risk sanctions.  During the deposition, if counsel determines that the deposition is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the party, counsel may demand that the deposition be suspended for the time necessary to file a motion to terminate or limit the deposition and obtain an order.  Fed. R. Civ. P. 30(d).

## DISCUSSION

Pursuant to Fed. R. Civ. P. 37(d)(2) a party's failure to appear at his properly noticed deposition is not excused on the ground that the discovery sought is objectionable, unless the party failing to act has a pending motion for protective order under Fed. R. Civ. P. 26(c).  Approximately three hours before the time scheduled for commencement of plaintiff's deposition, plaintiff's counsel filed a Motion to Stay the Proceedings and For a Protective Order Barring the Defendant from Taking the Plaintiff's Deposition (#41).  That motion was subsequently denied. (#51) and no timely objection was filed.  The arguments made by plaintiff in that Motion for Protective Order (#41), as well as in his opposition to the motion for sanctions, do not provide substantial justification for plaintiff's failure to appear at his deposition.

Exercising its discretion, the court determines that imposing sanctions in the entire amount requested, $11,338.90, would be unjust.  The court also may use its discretion to determine the reasonable amount of monetary sanction which are appropriate under the circumstances.  Rule 37 is "flexible" and the district court's discretion to fashion an appropriate sanction under Rule 37 is "broad."  8B WRIGHT, MILLER, MARCUS, FEDERAL PRACTICE & PROCEDURE: CIVIL § 2284 (3rd ed. 2010); *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (*per curiam*).

Based on my experience in the local legal market, considering the nature of the legal work provided here, I find that $250 per hour for Mr. White and $350 per hour for Mr. Gibson are reasonable rates for the calculation of the sanction award at issue here.  The plaintiff's deposition in this case went forward on August 7, 2015.  *See* Doc. #63.  All the time spent by counsel in preparing for the first deposition setting

was not wasted, as plaintiff's deposition occurred less than 60 days later.  The sanction award, detailed below includes one hour preparation time and one hour attending the first deposition for each attorney.

It would be unjust to award attorneys' fees for travel time under these circumstances.  Mr. White acknowledges that his trip to Las Vegas had other purposes in addition to the taking of this deposition, and therefore travel expenses are not awarded.  Similarly, Mr. Gibson's decision to practice law from an office in Pahrump, NV, should not be a reason to impose additional sanctions on plaintiff.

It is appropriate to include in the sanction award two hours for each attorney drafting the motion (#53) and reply (#67) and the $320 court reporter fee incurred at the first deposition setting. In summary this sanction award is based on the following calculation:

| | |
|---|---:|
| Four hours of Mr. White's time | $1,000 |
| Four hours of Mr. Gibson's Time | 1,400 |
| Court Reporter Invoice | 320 |
| TOTAL | $2,720 |

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion for Sanctions (#53) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff must pay Two Thousand Seven Hundred Twenty Dollars ($2,720) to defendant on or before September 25, 2015.

DATED this 25th day of August, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE