UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARK ANDERSON,<br><br>                            Plaintiff(s),<br>     v.<br>WESLEY S. WHITE, et al.,<br><br>                           Defendant(s). | Case No. 2:13-CV-2097 JCM (VCF)<br><br>ORDER |

Presently before the court is defendants', Wesley S. White and the law offices of Wesley S. White ("defendants"), motion for summary judgment and motion in the alternative to dismiss under rule 12(b)(1). (Doc. # 40). Plaintiff Mark Anderson ("plaintiff") filed an opposition (doc. # 49) and defendant filed a reply. (Doc. # 52).

**I.     Background**

Plaintiff Mark Anderson retained defendant Wesley S. White, an attorney duly licensed to practice law in Nevada, to represent him in a dissolution of marriage proceeding against his former wife. (Doc. #1 at 10). Defendant filed the divorce complaint on plaintiff's behalf on March 30, 2012. *Id*. at 11. Counsel for plaintiff's former wife filed an answer and counterclaim on April 16, 2012. *Id.*

Defendants agreed to participate in a settlement conference before the Honorable Robert Gaston on May 9, 2012. *Id.* At the settlement conference, plaintiff and his wife signed a memorandum of understanding ("MOU"), which outlined a settlement. *Id.* at 43-50. Later, the plaintiff alleged that the "Wilson Property" was improperly disposed of in the MOU. *Id.*

Shortly after the settlement conference, plaintiff terminated his relationship with defendant and retained replacement counsel. (Doc. #1 at 12.) On June 29, 2012, counsel for plaintiff's former

**James C. Mahan**
**U.S. District Judge**

wife filed a motion to enforce settlement. *Id.* Plaintiff's replacement counsel filed an opposition to motion to enforce settlement and countermotion to set aside and deem the memorandum of understanding unenforceable, which was unsuccessful. *Id.* Thereafter, replacement counsel appealed the judge's order granting the motion to enforce settlement. (Doc. #1 at 34-36). That appeal is currently pending before the Nevada Court of Appeals. *Id.*

Plaintiff's complaint asserts six causes of action including: (1) legal malpractice; (2) breach of contract; (3) breach of fiduciary duty; (4) breach of implied covenant of good faith and fair dealing; (5) negligent infliction of emotional distress; and (6) vicarious liability. (Doc. #1). Plaintiff alleged defendant committed malpractice by advising plaintiff that the "Wilson property" was likely to be adjudicated as community property. *Id.* As a result, plaintiff initiated this action in state court on September 3, 2013. Defendant removed to this court in November 2013. *Id.*

Defendants move for summary judgment or in the alternative to dismiss under rule 12(b)(1). (Doc. #40).

## II.    Legal Standard

### i.    12(b)(1) lack of subject matter jurisdiction

A court must dismiss a plaintiff's complaint for lack of subject-matter jurisdiction. FED. R. CIV. P. 12(b)(1). Federal Rule of Civil Procedure 12(b)(1) permits a party to assert this defense by motion. *Id.* Although the defendant is the moving party in a motion to dismiss brought under rule 12(b)(1), the plaintiff is the party invoking the court's jurisdiction and bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). However, a court may raise the question of subject matter jurisdiction *sua sponte* at any time during an action. *United States v. Moreno-Morillo*, 334 F.3d 819, 830 (9th Cir. 2003). Regardless of who raises the issue, "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006).

"A plaintiff suing in federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on

James C. Mahan
U.S. District Judge

- 2 -

1  having the defect called to its attention or on discovering the same, must dismiss the case." *Tosco*
2  *Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).When presented as a
3  factual challenge, a rule 12(b)(1) motion can be supported by affidavits or other evidence outside
4  of the pleadings. *United States v. LSL Biotechs.*, 379 F.3d 672, 700 n.14 (9th Cir. 2004) (citing *St.*
5  *Clair v. City of Chicago*, 880 F.2d 199, 201 (9th Cir. 1989)).

6      Because ripeness pertains to a federal court's subject matter jurisdiction, it is properly the
7  subject of a rule 12(b)(1) motion to dismiss. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).
8  Subject matter jurisdiction does not exist over claims which are not ripe for adjudication. *Cardenas*
9  *v. Anzai*, 311 F.3d 929 (9th Cir. 2001).

10  **III.   Discussion**

11      The Ninth Circuit has held that a matter is not ripe "if it rests upon contingent future events
12  that may not occur as anticipated, or indeed may not occur at all." *Scott v. Pasadena Unified Sch.*
13  *Dist.*, 306 F.3d 646, 662 (9th Cir. 2002) (quotations omitted). The ripeness doctrine has both a
14  constitutional component and a prudential component. *Thomas v. Anchorage Equal Rights*
15  *Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc) (quoting *Regional Rail Reorg. Act Cases*,
16  419 U.S. 102, 140 (1974) and *Abbott Labs v. Gardner*, 387 U.S. 136, 148 (1967)).

17      The constitutional component of the ripeness test requires a constitutional case or
18  controversy actually exist, "that the issues presented are definite and concrete, not hypothetical or
19  abstract." *Id.* at 1137. The constitutional test has three components: 1) injury in fact that is concrete
20  and particularized, and actual or imminent; 2) the injury is fairly traceable to the challenged action
21  of the defendant; and 3) it is likely, as opposed to merely speculative, that the injury will be
22  redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Environmental Serv.*, 528
23  U.C. 167 (2000).

24      Under the prudential component, the court considers "(a) the hardship that the party
25  seeking relief will suffer from withholding judicial action, and (b) the fitness of the issues in the
26  record for judicial review." *Buono v. Kempthrone*, 502 F.3d 1069, 1077 (9th Cir. 2007). A claim
27  is "fit for decision" if the "issues raised are primarily legal, do not require further factual
28  development, and the challenged action is final." *Id.*

Plaintiff alleges a legal malpractice claim and related causes of action. (Doc. #1). To prevail on a legal malpractice claim, plaintiff must show an attorney-client relationship existed, the attorney breached his duty, and the breach caused the client's damages. *Semenza v. Nev. Med. Liab. Ins. Co.,* 104 Nev. 666, 668, 765 P.2d 184, 186 (1988). "The general rule regarding legal malpractice actions and appeals is based on the rationale that apparent damage may vanish with successful prosecution of an appeal and ultimate vindication of an attorney's conduct by an appellate court." *Id. See also Brady, Vorwerck, Ryder & Caspino v. New Albertson's, Inc.*, 333 P.3d 229, 235 (Nev. 2014) (holding if the litigation in which the malpractice occurred continues, the damages on which the attorney malpractice action is based remain uncertain).

Defendants argue that this court lacks subject matter jurisdiction over plaintiff's claims because his claims are not yet ripe for adjudication. Plaintiff contends he has already sustained injury in fact and quantifiable damages. (Doc. #49 at 13). Plaintiff's expert alleges damages totaling $267,686.80 with respect to the malpractice claim. (Doc. #49 at 9). He alleges $210,000.00 in damages as a result of the settlement agreement and $57,686.60 damages for the cost of replacement and appellate counsel. *Id.*

Plaintiff's alleged damages are not consistent with the constitutional component of ripeness because they are not yet actual and concrete. As the matter is pending before the court of appeals, a possibility exists that the court of appeals could affirm the decision of the lower court, making the damages speculative at best. Specifically, plaintiff's claims are not ripe because the issue of his potential damages rests on the contingent future event of whether the court of appeals will set aside the MOU and further, whether the state court finds the "Wilson property" to be community property. Plaintiff can only prove damages if both events occur. *See Ivey v. Spilotro,* 2012 U.S. Dist. LEXIS 94162, *25-26, 2012 WL 2788980 (D. Nev. July 9, 2012).

Therefore, plaintiff's damages, if any, are speculative and contingent upon the outcome of the underlying claim. Plaintiff's six causes of action in this matter are inextricably related to the disposition of the underlying claim in the court of appeals.

Although an action against an attorney to recover damages for malpractice must be commenced within two years, a litigation legal malpractice action does not accrue until the

underlying cause of action has been finally resolved. *See Semanza*, 765 P.2d at 186; Nev. Rev. Stat. § 11.207(1). The statute of limitations is tolled while an appeal from the adverse ruling is pending. *Hewitt v. Allen*, 118 Nev. 216, 217, 43 P.3d 345, 345 (2002).

Plaintiff requests that this matter be stayed if this court determines the matter is not ripe for adjudication because he is concerned about the statute of limitations. (Doc. # 40). However, as the underlying litigation is currently pending before the court of appeals, the statute of limitations on the malpractice action will not accrue. *See Hewitt,* 43 P.3d at 345.

**IV.     Conclusion**

This matter is not ripe for adjudication. Therefore, this court lacks subject-matter jurisdiction and must dismiss the complaint in its entirety. Accordingly, this court will not address the merits of the summary judgment motion.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for summary judgment (doc. # 40), be, and the same hereby is, DENIED.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion in the alternative to dismiss under rule 12(b)(1) (doc. #40), be, and the same hereby is, GRANTED. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE.

DATED November 23, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -