UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARK ANDERSON, | Case No. 2:13-CV-2097 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| WESLEY S. WHITE, et al., | |
| Defendant(s). | |

Presently before the court is defendant Wesley White's motion for attorney's and expert witness fees. (ECF No. 74). Plaintiff Mark Anderson filed a response. (ECF No. 77). Defendant filed a reply. (ECF No. 80).

### I.   Background

Plaintiff retained defendant in a dissolution of marriage proceedings against his former wife. (ECF No. 10). During the course of legal representation, defendant participated in a settlement conference on behalf of plaintiff in front of Judge Robert Gaston on May 9, 2012. *Id.* At the settlement conference, plaintiff and his wife signed a memorandum of understanding that outlined a settlement. *Id.* at 43-50. Later, plaintiff alleged the "Wilson property" was improperly disposed of in the memorandum. *Id.*

Shortly after the settlement conference, plaintiff terminated his relationship with defendant and retained replacement counsel. (ECF No. 1 at 12). Thereafter, plaintiff's wife filed for and was granted a motion to enforce the settlement. *Id.* Replacement council appealed. *Id.*

While the motion was still on appeal, plaintiff filed a complaint against his former attorney in this court. (ECF No. 71). Defendant then moved for summary judgment, or in the alternative, a motion to dismiss under 12(b)(1). (ECF No. 40).

**James C. Mahan**
**U.S. District Judge**

This court determined plaintiff's complaint was not ripe for adjudication because the motion to enforce the terms of the settlement was still pending before the Nevada Court of Appeals. (ECF No. 71). Thus, the court dismissed the complaint without prejudice for lack of subject matter jurisdiction. *Id.*

## II.     Legal Standard

Under Federal Rule of Civil Procedure 54(d), a prevailing party may seek costs and fees. Fed. R. Civ. P. 54(d)(1)–(2).  A party seeking fees must: (i) file the motion no later than 14 days after the entry of judgment; (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; (iii) state the amount sought or provide a fair estimate of it; and (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.  Fed. R. Civ. P. 54(d)(2).  Local Rule 54–16(b) further requires that the motion include the following components:

1. A reasonable itemization and description of the work performed;
2. An itemization of all costs sought to be charged as part of the fee award and not otherwise taxable pursuant to LR 54–1 through 54–15;
3. A brief summary of the following:
    A. The results obtained and the amount involved;
    B. The time and labor required;
    C. The novelty and difficulty of the questions involved;
    D. The skill requisite to perform the legal service properly;
    E. The preclusion of other employment by the attorney due to acceptance of the case;
    F. The customary fee;
    G. Whether the fee is fixed or contingent;
    H. The time limitations imposed by the client or the circumstances;
    I. The experience, reputation, and ability of the attorney(s);
    J. The undesirability of the case, if any;
    K. The nature and length of the professional relationship with the client;
    L. Awards in similar cases; and,
4. Such other information as the Court may direct.

LR 54–16(b).  In addition, the motion for attorneys' fees and costs must be accompanied by an affidavit from the attorney responsible for the billings in the case to authenticate the information contained in the motion, and to prove that the fees and costs sought are reasonable. LR 54–16(c). A failure to provide the documentation required by LR 54–16(b) and (c) in a motion for attorneys' fees "constitutes a consent to the denial of the motion." LR 54–16(d).

. . .

**James C. Mahan**
**U.S. District Judge**

### III. Discussion

Defendant filed the instant motion requesting a total of $16,117.50 in attorney's fees and expert witness costs.[1] (ECF No. 74). Defendant argues that he should receive attorney's fees because plaintiff rejected a settlement offer before the case was dismissed. Case dismissal without prejudice, defendant argues, amounts to a final judgment allowing an award of attorney's fees under FRCP 68 and Nevada Rules of Civil Procedure 68. Plaintiff argues defendant's motion did not comply with the local rules and improperly requests expert witness fees. (ECF No. 77).

Defendant asserts that his motion complied with local rules because the court "can easily glean the information" from the motion. (ECF No. 80). However, that is insufficient. The motion does not satisfy the "brief summary" requirements in Local Rule 54-16(b)(3). It does not summarize the preclusion of other employment by the attorney due to acceptance of the case (LR 54-16 (b)(3)(E)), the experience, reputation, and ability of the attorney (*Id.*(I)), the undesirability of the case (*Id.*(J)), or awards in similar cases. (*Id.*(L)). Therefore, the motion is denied.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for attorney's fees (ECF No. 74) be, and the same hereby is, DENIED.

DATED June 14, 2016.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff also submitted two memorandum in support of the motion. One by defendant calculating $10,742.50 in attorney's fees. (ECF No. 74-2). Another by Thomas J. Gibson, who was hired as a consultant, requesting $8,400. (ECF No. 74-1).

**James C. Mahan**
**U.S. District Judge**

- 3 -