UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARK ANDERSON,<br><br>                        Plaintiff(s),<br><br>    v.<br><br>WESLEY S. WHITE, et al.,<br><br>                        Defendant(s). | Case No. 2:13-CV-2097 JCM (VCF)<br><br>ORDER |

Presently before the court is plaintiff Mark Anderson's motion for relief from the order dismissing the case. (ECF No. 84). Defendants Wesley White and Thomas Gibson filed a response (ECF No. 86), to which plaintiff replied (ECF No. 87).

**I.    Facts**

Plaintiff retained defendant White to represent him in a dissolution of marriage proceeding against his former wife. (ECF No. 1 at 10). Defendant filed the divorce complaint on plaintiff's behalf on March 30, 2012. (ECF No. 1 at 11).

Defendant agreed to participate in a settlement conference before the Honorable Robert Gaston on May 9, 2012. (ECF No. 1 at 11). At the settlement conference, plaintiff and his then-wife signed a memorandum of understanding ("MOU"), which outlined a settlement. (ECF No. 1 at 11). Later, plaintiff alleged that the "Wilson property" was improperly disposed of in the MOU. (ECF No. 1 at 11).

Shortly after the settlement conference, plaintiff terminated his relationship with defendant and retained replacement counsel. (ECF No. 1 at 12). On June 29, 2012, counsel for plaintiff's former wife filed a motion to enforce settlement. (ECF No. 1 at 12). Plaintiff's replacement counsel filed an opposition to motion to enforce settlement and countermotion to set aside and

**James C. Mahan**
**U.S. District Judge**

deem the MOU unenforceable, which was unsuccessful. (ECF No. 1 at 12). Thereafter, replacement counsel appealed the judge's order granting the motion to enforce settlement. (ECF No. 1 at 34–36). The Nevada Supreme Court affirmed the judgment of the district court. *Anderson v. Sanchez*, 373 P.3d 860 (Nev. 2016).

Plaintiff alleged that defendant committed malpractice by advising plaintiff that the "Wilson property" was likely to be adjudicated was likely to be adjudicated as community property. (ECF No. 1). As a result, plaintiff initiated this action in state court on September 3, 2013, asserting six causes of action: (1) legal malpractice; (2) breach of contract; (3) breach of fiduciary duty; (4) breach of implied covenant of good faith and fair dealing; (5) negligent infliction of emotional distress; and (6) vicarious liability. (ECF No. 1). Defendant removed the action to this court on November 14, 2013. (ECF No. 1).

Subsequently, defendant moved for summary judgment or in the alternative to dismiss under Federal Rule of Civil Procedure 12(b)(1). (ECF No. 40). The court found that the matter was not ripe for adjudication and that the court lacked subject matter jurisdiction. (ECF No. 71). Accordingly, the court granted defendant's motion to dismiss under Rule 12(b)(1) and dismissed plaintiff's complaint without prejudice. (ECF No. 71). Thereafter, plaintiff filed a notice of appeal (ECF No. 75), which he later dismissed (ECF Nos. 88, 91).

In the instant motion, plaintiff moves for Rule 60(b)(5) relief from the court's order dismissing plaintiff's complaint without prejudice (ECF No. 71) and requests that the case be reopened and the award of costs be vacated.

**II.   Legal Standard**

Federal Rule of Civil Procedure 60(b) provides, in relevant part, that the court may relieve a party from an order for the following reasons: "(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."

**III.   Discussion**

Citing to Rule 60(b)(5), plaintiff contends that relief is proper because the underlying case is now ripe. (ECF No. 84 at 3). Specifically, plaintiff argues that "pursuant to . . . Rule 60[b](5)

James C. Mahan
U.S. District Judge

- 2 -

the basis for the decision that the case was not ripe has been reversed by the decision of the Nevada Supreme Court." (ECF No. 84 at 4).  The court disagrees.

Plaintiff's argument misstates the basis for dismissal of his complaint in the court's order. The court dismissed plaintiff's complaint because the matter was not ripe for adjudication and the court lacked subject matter jurisdiction.  (ECF No. 71).  Plaintiff's complaint was dismissed without prejudice, and plaintiff fails to set forth any argument as to the applicability of Rule 60(b)(5) to his case or any facts that would warrant relief under Rule 60(b).

Accordingly, the court declines to reopen plaintiff's case and grant plaintiff relief from judgment.  Because plaintiff's complaint was dismissed without prejudice, the court finds no reason to reopen the instant action.  In light of the foregoing, there is also no reason to address plaintiff's request to vacate the award of costs.

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for relief from the order dismissing the case (ECF No. 84) be, and the same hereby is, DENIED.

DATED August 24, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -